UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD JEROME SMITH,

     Plaintiff,

v.                                                                      Case No. 6:17-cv-1358-Orl-37DCI

OIC BROWN, et al.,

     Defendants.

_____

**ORDER**

This matter is before the Court for a review of the file. Plaintiff filed a complaint

alleging that Defendants interfered with his ability to pursue one or more civil actions.

(Doc. 1.) Plaintiff failed to pay the required filing fee, however.

**I.**     **PROCEDURAL BACKGROUND**

The Court takes judicial notice of three prior actions initiated by Plaintiff in this

Court, while he was incarcerated, that were dismissed on the ground that they were

either frivolous or failed to state a claim upon which relief may be granted: (1) 6:16-cv-

692-Orl-18TBS; (2) 6:16-cv-772-Orl-37DAB; and (3) 6:17-cv-1072-Orl-18KRS.

**II.**     **LEGAL STANDARD**

28 U.S.C. § 1915(g) limits a prisoner litigant's ability to pursue a civil action

without prepayment of fees and costs:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or detained in any facility, brought an

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner litigant therefore cannot proceed without paying the requisite filing fee (a) if he previously initiated three or more actions in federal court, (b) while incarcerated, (c) that were dismissed for one of the identified reasons, (d) unless he is under imminent danger of serious physical injury. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*) ("'After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit.'") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). A court confronted with a civil action implicating § 1915(g) should dismiss the action without prejudice – thus preserving the prisoner's ability to pursue the same underlying claims, albeit after initiating a new action and paying the requisite filing fee. *See Wright v. Polk County*, 556 Fed. App'x 873, 874 (11th Cir. 2014).

### III.   ANALYSIS

Plaintiff previously initiated three civil actions in this Court, while he was incarcerated, that were dismissed on the ground that they were frivolous or failed to state a claim upon which relief may be granted. Plaintiff's present action does not allege that he is under imminent danger of serious physical injury. As a result, Plaintiff was required to pay the full filing fee at the time he initiated the present action. He failed to do so and this action must be dismissed without prejudice. Plaintiff can initiate a new civil action by filing a new complaint but he must, at the time of filing, pay the full filing fee.

-3-

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.      This case is **DISMISSED** without prejudice.

2.      The clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 26th, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-5 7/26
Richard Jerome Smith